ORR (BASSETT v.). See Case No. 1.095.
ORR (BEANE v.). See Case No. 1,176.

## Case No. 10,588.

### ORR v. INGLE.

[2 Cranch, C. C. 193.] [1]

Circuit Court, District of Columbia. Dec. Term, 1819.

REPLEVIN—SURETY — CORPORATION TAXES—PROPERTY DISTRAINED BY COLLECTOR OF CITY TAXES.

1. Quaere. whether a replevin-bond is sufficient with one surety.
[Cited in Haller v. Beall, Case No. 5,957.]

2. Whether the law of Maryland respecting replevins for property distrained for public dues or taxes, is applicable to replevins for property distrained for corporation taxes.

3. Whether property distrained for city taxes by a city collector is in the custody of the law, and thereby protected against replevins.

This was a replevin [by Benjamin G. Orr against William Ingle] for a negro man slave and two horses, distrained by the defendant, who was collector for the 3d ward in the city of Washington, for taxes imposed by a by-law of the corporation, under the power, given by the charter, to lay and collect taxes.

Upon the return of the writ, Mr. Law, for defendant, moved the court to quash it; 1st. Because there was only one surety in the replevin bond. 2d. Because the property was distrained for public dues and taxes, within the meaning of Acts Md. 1785, c. 34, and 1793, c. 53, forbidding replevin for property distrained for public dues and taxes except in certain cases. 3d. Because the property distrained was in the custody of the law.

1 [Reported by Hon. William Cranch, Chief Judge.]

1. The English statute of 13 Edw. I. c. 2 (Westm. II), which was in force in Maryland, requires the sheriff to take "pledges," and the statute of 11 Geo. II. c. 19, § 23, requires two sureties in replevin of distress for rent, and the practice has always been both in England and in Maryland, to require two sureties. And the twelfth section of the Acts Md. 1790, c. 53, says: "Provided always that before any clerk shall issue a writ of replevin, in virtue of this act, the plaintiff or plaintiffs shall enter into bond, with two sufficient sureties, in double the value of the property to be replevied, in the same manner as in other cases of replevin."

2. The taxes due to an incorporated city are as much public dues, as the county or state taxes in Maryland; and there is the same reason for the law here as there. The plaintiff should have applied to a justice of the peace and obtained his order according to Act 1790, c. 53, before he took out his writ of replevin. In Maryland it has been decided that that act applies as well to county taxes as to state taxes; and if it is applicable to county taxes there is no reason why it should not be equally so to town or city taxes.

3. A distress for taxes is in the nature of an execution; and is so considered by Acts Md. 1785, c. 34, which says: "Whereas the clerks of the county courts, in several of the counties of this state, have issued writs of replevin in cases where property hath been taken in execution for public dues and taxes, whereby the collection of the said public dues and taxes hath been much impeded to the great injury of the state and individuals. Be it enacted, &c., that in every case of money, or other thing, due the public for satisfaction of which there shall be any distress or execution of property by any officer or person authorized by law so to do, no writ of replevin shall issue, or be maintainable in law." Here distress and execution are put on the same footing and the goods seized under either, by a public officer officially are equally in the custody of the law, and therefore cannot be lawfully replevied. "Public dues or taxes," means any taxes authorized by public law.

Mr. Jones, contra. 1. There is no general law which requires two sureties; but if there were, an additional surety can now be given.

2. Taxes due to the corporation are not public dues—they are not due to the public. The public, in the Maryland law, is the great public; the sovereignty of the state. In this district, the public is the United States—the sovereign authority.

THE COURT (nem. con.) quashed the replevin, without stating on what particular ground.